Petition to **INCORPORATE THE CITY OF DUQUESNE.**

No. 46996.

Supreme Court of Missouri,

Division No. 2.

April 13, 1959.

Frieze & Crandall, Carthage, Loyd E. Roberts, Joplin, Amici Curiae.

James E. Brown, Stanley P. Clay, Joplin, for appellants.

BOHLING, Commissioner.

This appeal is from a judgment of the Circuit Court of Jasper County affirming an order of the County Court of Jasper County denying a petition under § 72.080 for incorporating the City of Duquesne as a city of the fourth class. (Statutory references are to R.S.Mo.1949 and V.A. M.S.) The case was transferred here upon petitioners' application by the Springfield Court of Appeals because of the general interest and importance of the

questions involved (Mo.Const. Art. V, § 10, V.A.M.S.). In re City of Duquesne, Mo.App., 313 S.W.2d 65, affirming the judgment of the circuit court. The case is here for full review. Collins v. Division of Welfare, 364 Mo. 1032, 270 S.W.2d 817[1].

Petitioners' verified petition was filed May 4, 1956. A hearing was had May 21, 1956. On May 24, 1956, the County Court entered its order denying the petition for incorporation, and on the same day the petitioners filed a notice of appeal from said order, decree, decision or judgment of the County Court.

■ It is suggested that petitioners' appeal should be dismissed on the theory petitioners are proceeding under § 49.230, providing for appeals from a county court to a circuit court, and petitioners did not properly vest jurisdiction of this review in the circuit or appellate courts by reason of their failure to comply with the provisions of the Administrative Procedure Act, particularly § 536.110, county courts having become administrative bodies under the Missouri Constitution, 1945, and being no longer judicial courts. Kansas City v. Rooney, 363 Mo. 902, 254 S.W.2d 626[1]; In re City of Kinloch, 362 Mo. 434, 242 S.W.2d 59[1].

The provision in Art. V, § 22, Missouri Constitution 1945, "that administrative decisions 'shall be subject to direct review by the courts as provided by law' refers to the method of review to be provided (certiorari, appeal, etc.) and not to the scope of the review 'in cases in which a hearing is required by law.' For the latter, this stated minimum standard ('supported by competent and substantial evidence upon the whole record') is mandatory and requires no legislation to put it into effect." Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647, 649.

The provisions of § 536.110 do not necessarily apply where some other provision covering the method of judicial review from the administrative agency is provided for by statute (§ 536.100). Appeals are authorized from the judgments and orders of county courts (§ 478.070(4)), and may be prosecuted in the same manner as appeals from magistrate to circuit courts (§ 49.230); that is, by filing a proper and timely notice of appeal (§ 512.190). The suggestion that petitioners' appeal was not properly taken is disallowed. Kansas City v. Rooney, supra; In re Village of Pleasant Valley, Mo.App., 272 S.W.2d 8, 12; and see In re City of Duquesne, Mo.App., 313 S.W. 2d 65, 68[1-6].

The petition, summarized, alleged that petitioners comprised more than a majority of the taxable inhabitants residing in that part of the County of Jasper known as Duquesne and described the area sought to be incorporated by metes and bounds; that said territory included more than 500 and less than 3,000 inhabitants, and was not within the limits of any city, town or village or within two miles of any first or second class city in said county; that said described territory was composed of subdivided property and was suitable and used for residence and business purposes; that there were no commons within the proposed city, and that petitioners desired to incorporate the described territory as a city of the fourth class under the name of the City of Duquesne.

At the hearing on May 21, 1956, Stanley P. Clay represented the petitioners. Loyd E. Roberts appeared and was permitted to file a petition of 121 taxpaying residents opposing the incorporation, and Arkley Frieze appeared on behalf of certain nonresident property owners. The petitioners took the position they had complied with the statute, their petition was signed by more than a majority of the taxable inhabitants of the area, and the only thing the County Court could do was to incorporate it; that the petitioners did not have to establish the reasonableness of the incorporation. They objected to the appearances of attorneys Roberts and Frieze and the accepting of the petition in opposi-

tion to the incorporation. The court accepted the petition opposing the incorporation and ruled that attorneys Roberts and Frieze could appear as amici curiae.

The County Court raised the question whether the area as constituted comprised a ctiy or town which could legally be incorporated as a city of the fourth class under § 72.080.

The evidence established that more than a majority of the taxpaying inhabitants of the area had signed the petition, and a census of the population in the area showed the number of adults to be 590 and the total population to be about 900.

Presiding Judge Shadday, speaking for the court, stated that, according to investigations made by all the members of the court, the acreage involved was approximately 3,200 acres (our estimate from the description, which refers to Government surveys, is approximately 3,120 acres); that one-half of the acreage was used for agricultural purposes; that approximately 490 acres had been subdivided and approximately 2,700 acres were not subdivided; that, accepting the population as given in the census as 909, there are 180 persons per square mile as compared with approximately 1,600 per square mile for Duenweg and approximately 800 per square mile for Asbury.

The County Court found that a majority of the taxable inhabitants of the proposed area had signed the petition to incorporate the area as a fourth class city to be known as the City of Duquesne, but denied the incorporation because the evidence was insufficient to show the existence of an unincorporated city or town in the proposed area, or that the city or town of Duquesne exercised any municipal functions for the area proposed to be incorporated; that there was no recorded plat of such an unincorporated city or town; and that approximately one-half of the total area to be incorporated was being used for agricultural lands.

The review was had on the record made in the County Court; and the Circuit Court affirmed, finding there was substantial and competent evidence to support the findings of fact and conclusions of law of the County Court, particularly paragraph 1 of the conclusions of law, reading:

"1. The Court finds that there is no existing city or town of Duquesne 'not incorporated', referable to the area of proposed incorporation within the meaning of Section 72.080, R.S.Missouri 1949. No evidence was offered by petitioners to show that any unincorporated city or town exists on or covers the area proposed to be incorporated. That an unincorporated city or town may exist without incorporation is recognized in the Missouri Statutes, as, for example, Section 71.090, R.S.Missouri 1949, which permits the change of name of an unincorporated city or town. This Court believes it has no power to incorporate a fourth class city under the law and evidence presented."

Section 72.080, here involved, reads: "Any city or town of the state not incorporated may become a city of the class to which its population would entitle it under this chapter, and be incorporated under the law for the government of cities of that class, in the following manner: Whenever a majority of the inhabitants of any such city or town shall present a petition to the county court of the county in which such city or town is situated, setting forth the metes and bounds of their city or town and commons and praying that they may be incorporated, and a police established for their local government, and for the preservation and regulation of any commons appertaining to such city or town, and if the court shall be satisfied that a majority of the taxable inhabitants of such town have signed such petition, the court shall declare such city or town incorporated, designating in such order the metes and bounds thereof, and thenceforth the inhabitants within such bounds shall be a body politic and incorporate * * *".

Section 72.040 provides that cities and towns containing 500 and less than 3,000 inhabitants, "which shall elect to be cities of the fourth class, shall be cities of the fourth class."

The substance of petitioners' first assignment is: "In view of the verified petition filed in this proceeding, the sufficiency of which is admitted," it was error to refuse the incorporation of Duquesne as a city of the fourth class. They say in argument: "We perceive that the contents of a verified petition for incorporation shall be taken as true for under the Uniondale case [In re City of Uniondale, 285 Mo. 143, 225 S.W. 985] a fourth class city can be incorporated on the basis of the representations made in the petition."

The City of Uniondale case, supra, involved the incorporation of a city under § 8529, R.S.1909, now § 72.080, after a hearing in which taxpaying inhabitants of the area filed a remonstrance and were allowed an appeal from the judgment of the county court.

The court stated the question presented for determination was "whether the so-called 'remonstrators' in this case had the right to appeal." (225 S.W. loc. cit. 986 [1]). Discussing the statute the court stated (Ibid., loc. cit. 987): "No notice of any kind is required." Upon the presentation of the petition, "the court may immediately proceed to determine whether it is signed by a majority of the taxable inhabitants, and, if it is satisfied that such is the case, may make its order of incorporation without further ado." Further, the statute contained no implication that remonstrating taxable inhabitants might appear and contest the incorporation; and the proceeding was not an action within the meaning of the Code. "It is a special statutory proceeding"; and the statute creating the right provided the remedy, prescribed the procedure, was complete within itself, and determined who may be parties. "Taking it as the criterion, it must be held that the proceeding is in no

sense adversary." Filing a remonstrance in order to become parties was entirely futile; and: "Their [remonstrators'] relation to the proceeding might be considered that of amici curiae, but nothing more. It follows that they were not entitled to appeal."

In addition the court stated that the giving or withholding to taxable inhabitants of the right to be heard because the incorporation subjected them to municipal taxation rested wholly within the discretion of the Legislature; and: "The Legislature has the power to incorporate territory into a city with or without the consent of its inhabitants * * *, provided it does it by general law * * *. And while the county court, in passing upon the petition, is performing a judicial function, and its pronouncement thereon is a judgment, yet all the agencies invoked by the statute—the majority of the taxable inhabitants, their petition, and the county court—taken collectively, is but the instrumentality through which, in the manner prescribed, the legislative power is exercised in creating cities of the fourth class."

The court also stated (Ibid., loc. cit. 986) that the petitioners, had they been aggrieved, could have appealed under § 3956, R.S.1909 (now § 478.070), and the circuit court, upon their appeal, would have been authorized to hear and determine the case as though it had originated therein (§ 4091, R.S.1909, now § 49.230).

The instant appeal is by the petitioners, and we mention that § 22, Art. V, Missouri Constitution, 1945, now provides: "All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are

supported by competent and substantial evidence upon the whole record." See also § 536.140; State ex rel. Leggett v. Jensen, Mo.Banc., 318 S.W.2d 353, 357[4].

Many administrative bodies, as part of their delegated duties, must hear and pass upon facts in order to ascertain what action the law imposes upon them. The statement in the Uniondale case, supra, that a county court may incorporate a city if satisfied that the petition is signed by a majority of the taxable inhabitants (consult State on Inf. of Wallach ex rel. H. B. Deal & Co. v. Stanwood, Mo.App., 208 S.W.2d 291[4]) does not mean a county court is to ignore the facts and incorporate a city knowing its order will be held void upon review. The statute does not prohibit an investigation and it has been held county courts are authorized to hear the interested parties under § 72.080.

Court en Banc stated in State ex rel. Major v. Wood, 233 Mo. 357, 381, 135 S.W. 932, 937: "The county court practically took the remonstrance and petition for it, and did not go on to ascertain the number of taxable inhabitants by legal proof. The burden was on the incorporating petitioners to make out a prima facie case in the first instance, and, if that case was successfully rebutted, it was the duty of the court to require such further proof as satisfied the court by a fair preponderance of the evidence." The method adopted was considered a legal fraud. State ex rel. Coyne v. Buerman, 186 Mo.App. 691, 701, 172 S.W. 454, 457, in harmony with the Wood case, states: "It is within the jurisdiction of the county court to determine whether agricultural lands, beyond what is proper, are included within the corporate limits of the proposed city. That would involve a question of fact which that court has power to solve in the first instance, its conclusion on this, as well as to whether the requisite number of taxable inhabitants have petitioned for incorporation being, if void, open to attack by quo war-

ranto." See State on Inf. of Wallach ex rel. H. B. Deal & Co. v. Stanwood, Mo. App., 208 S.W.2d 291, 294, 297.

The Wood and Buerman cases were proceedings under now § 72.080. We find neither case mentioned in the City of Uniondale case. In view of the statement in the Uniondale case that the only question for determination was the right of the remonstrators to appeal it appears that the court was reasoning the issue to be adjudged and not ruling whether county courts could deny an incorporation because there was no unincorporated city or town in the proposed area or because agricultural lands beyond what was proper were included within the limits of the proposed city.

A petition for incorporation omitting all reference to "commons" has been held insufficient. State ex rel. Major v. Wood, supra, 233 Mo. 357, 135 S.W. 932[1]. Another apparent requirement for municipal incorporation under § 72.080 is: "No city, town or village shall be organized * * *, adjacent to or within two miles of the limits of any city of the first or second class, unless such city, town or village be in a different county from such city." § 72.130.

The provision of § 72.080 that "[a]ny city or town of the state not incorporated may become a city of the class to which its population would entitle it under this chapter," presupposes by its terms the existence of a city or town not incorporated of the class involved. Urban and rural communities differ. Vanlandingham v. Reorganized School Dist No. R–IV, Mo., 243 S.W.2d 107, 109, states:

" 'In its popular sense "town" is used to designate an aggregation of houses so near one another that the inhabitants may fairly be said to dwell together. In this sense a town is distinguished from the country or from a rural population. * * * The use of the word "town," as employed in its popular sense, may or may not imply incorporation, or a particular kind of incor-

poration.' 63 C.J. 97–99, § 1. [87 C.J.S. Towns § 2, p. 7.]

"In the case of the City of Denver v. Coulehan, 20 Colo. 471, 39 P. 425, 427, 27 L.R.A. 751, loc. cit. 754, the Supreme Court of Colorado said, 'The popular use and meaning of the word [town] is a large, closely populated place, whether incorporated or not, as distinguished from the country or from rural communities.' " See State ex rel. Scott v. Lichte, 226 Mo. 273, 290, 126 S.W. 466, 470 (stating the word town is a generic word, applicable as well to a city or village); State ex rel. Rice v. Simmons, 35 Mo.App. 374, 380; State ex inf. McKittrick ex rel. Oehler v. Church, Mo.App., 158 S.W.2d 215, 220; Webster's New International Dictionary, 2d Ed., "Town."

■ We are of opinion the Legislature intended that the unincorporated cities or towns to be incorporated under § 72.080 should correspond in some reasonable degree in population and area with an incorporated city of the class involved, comprising a compact center of population, and might include, to the extent proper, a suburban area having a unity of interest therewith; and that it was not the intent of the Legislature that a rural or agricultural area having no natural connection with and not constituting a part of the unincorporated city or town be included.

■ Petitioners say the statements into the record by Judge Shadday were considered and error exists because the statements were not made under oath and the Judge was not subject to cross-examination. The substance of the statements is set forth in paragraph ten of this opinion and is not repeated here.

If this were the determinative issue, we would agree with petitioners. It is stated in Koplar v. State Tax Comm., Mo., 321 S.W.2d 686, 696:

"While a view may be taken by the triers of the fact to enable them to understand the evidence, such view cannot be substituted for evidence, nor can it constitute evidence in the case. We think its purpose is well stated in Cowan v. Bunting Glider Co., 159 Pa.Super. 573, 49 A.2d 270, 271, as follows: 'Triers of fact, be they judges, jurors, viewers, board or commissions, may always visit and inspect the locus in quo to secure a better understanding of the evidence and to enable them to determine the relative weight of conflicting testimony. But a view cannot replace testimony; the visual observations of the trier cannot be substituted for testimony; and the only legitimate purpose of an inspection is to illustrate the evidence and provide a base for understanding and comprehending testimony upon the record. When the arbiter becomes a witness without testifying, the purpose of the view is prostituted. * * *.' " See also Sanderson v. Producers Commission Ass'n, 360 Mo. 571, 229 S.W.2d 563, 567; State ex rel. Horn v. Randall, Mo.App., 275 S.W.2d 758[7–10]; State ex rel. De Weese v. Morris, 359 Mo. 194, 221 S.W.2d 206, 209.

Petitioners had the burden of proof. State ex rel. Major v. Wood, supra. As stated, the County Court raised the issue at the hearing whether the proposed area constituted a city or town which could legally be incorporated under § 72.080. The County Court found (paragraph 1) "that there is no existing city or town of Duquesne 'not incorporated', referable to the area of the proposed incorporation within the meaning of Section 72.080, R.S. Missouri 1949. No evidence was offered by petitioners to show that any unincorporated city or town exists on or covers the area proposed to be incorporated. * * *" This finding is supported by petitioners' evidence that the population of the area involved was about 900 persons. This would be about 180 persons per square mile of territory. We conclude that the order and judgment of the County Court is sufficiently supported by competent and substantial evidence upon the whole record.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.