In re the INCORPORATION OF the CITY OF RIVER BEND.

STATE ex rel. Carl W. WEBB et al., Relators-Petitioners-Appellants,

v.

Hon. Lawrence K. ROOS, Supervisor of St. Louis County, et al., Respondents,

New Four Season, Inc., et al., Intervenors-Respondents,

Edgewater Health Care, Inc., a corporation, etc., Intervenor-Respondent.

No. 36107.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 12, 1975.

Motion for Rehearing or Transfer to Court of Appeals En Banc Denied Oct. 22, 1975.

Zimbalist, Schramm & Walker, Clayton, for relators-petitioners-appellants.

Thomas W. Wehrle, County Counselor, James H. White, Assoc. City. Counselor, Clayton, for defendant-respondents.

Husch, Eppenberger, Donohue, Elson & Cornfeld, Shulamith Simon, St. Louis, for intervenors-respondents.

John P. Sullivan, Clayton, for intervenor-respondent.

DOWD, Judge.

Appeal from the circuit court's dismissal of a petition to review a decision by the St. Louis County Council that denied an election for a proposed municipal incorporation.

On October 19, 1972, appellants presented their petition to the St. Louis County Council, requesting that the County Council hold an election for the incorporation of the proposed City of River Bend. Appellants instituted their incorporation action under § 72.080 RSMo. 1969 (1971 Supp.). That section provides that any unincorporated city, town or other area may be incorporated "whenever a number of qualified electors equal to fifteen percent of the votes cast in the last gubernatorial election in the area proposed to be incorporated shall present a petition to the governing body of the county in which such city or town or area is situated." [1] If the governing body is satisfied that the requisite number of electors

---

1. Prior to 1971, § 72.080 RSMo. 1969 used the language "county court" for governing body.

have signed the petition, it shall declare that an incorporation election be held. § 72.080.

The County Council denied appellants' petition on February 8, 1973. Thereafter, on March 9, 1973, appellants filed a two-count petition in the circuit court. Count one was a petition for a writ of mandamus, seeking to compel the County Council to hold the requested incorporation election. Count two was a petition for judicial review, seeking to reverse the County Council's order denying the election. Upon motion by respondents, the trial court dismissed both counts. We affirm.

■ The motion to dismiss appellants' petition was granted because notice of the appeal from the County Council's decision was not filed with the County Council within ten days of the date of the Council's decision, as is required by § 49.230 RSMo. 1969. Appellants contend that § 49.230 is not the exclusive avenue for review of the County Council's decision and that they have the option to proceed under the Administrative Review Act, Chapter 536, which allows thirty days for serving notice of an appeal. § 536.110(1) RSMo. 1969 and Rule 100.04(a). The narrow issue before this court is whether § 49.230 is the exclusive vehicle for appeal.

§ 536.100 and Rule 100.03 provide that: "Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof . . . *unless some other provision for judicial review is provided by statute.*" (Emphasis added).

The trial court concluded that § 49.230 was such an "other provision" and thus precluded review under § 536.100 and Rule 100.03. Section 49.230 provides in pertinent part:

"Appeals from the decisions, findings and orders of county courts of a quasi-judicial nature affecting private rights shall be

made within ten days from the date of the decision, findings or order by filing notice of appeal with the county court. . . . The circuit court shall proceed to hear and determine the case in the manner provided by section 536.140 RSMo. Appeal from the decision on review may be taken by the county court or other aggrieved party as in civil cases."

We believe two cases effectively counter appellants' contention. In the case of *In Re City of Duquesne, Missouri,* 313 S.W.2d 65 (Mo.App.1958), an appeal was taken from a county court's denial of an incorporation petition submitted under § 72.080 RSMo. 1949. One jurisdictional issue on appeal was whether appellants, who brought the appeal under § 49.230, had failed to comply with section 536.110 RSMo. 1949. The court concluded that § 536.110 was pre-empted by § 49.230, which provided for appeals from judgments of a county court. The position taken by the appellate court was confirmed by the Supreme Court opinion upon transfer of the case. *Petition to Incorporate City of Duquesne,* 322 S.W.2d 857 (Mo. 1959). The court noted (at p. 859):

"The provisions of § 536.110 do not necessarily apply where some other provision covering the method of judicial review from the administrative agency is provided for by statute (§ 536.100). Appeals are authorized from the judgments and orders of county courts (§ 478.070(4)), and may be prosecuted in the same manner as appeals from magistrate to circuit courts (§ 49.230); that is, by filing a proper and timely notice of appeal (§ 512.190). The suggestion that petitioners' appeal was not properly taken is disallowed."

We further note that several other appeals from county court municipal incorporation decisions have been brought under § 49.230, and the correctness of the method of appeal was never an issue in these cases. *In Re Village of Lone Jack,* 419 S.W.2d 87 (Mo. banc 1967) (incorporation sought under

§ 80.020 [2] RSMo. 1959); *In Re Village of Pleasant Valley,* 272 S.W.2d 8 (Mo.App. 1954) (incorporation sought under § 80.020 RSMo. 1949); *Kansas City v. Rooney,* 363 Mo. 902, 254 S.W.2d 626 (banc 1953) (incorporation sought under § 80.020 RSMo. 1949), *overruled on other grounds; State ex rel. Leggett v. Jensen,* 318 S.W.2d 353 (Mo. banc 1958).

■ Appellants direct our attention to one case that seems to contradict the procedural holdings of the above cited cases. *In Re Town of Blue Summit,* 461 S.W.2d 332 (Mo.App.1970), was a case wherein the Kansas City Court of Appeals was confronted with an appeal from a county court decision concerning an incorporation petition brought under § 80.020 RSMo. 1959. At one point in its lengthy decision the court noted (at p. 334):

> "No appeal was taken from the judgment of incorporation entered on April 11, 1967, as is provided for by Section 49.230 V.A.M.S. *Nor was review sought under provisions of Chapter 536, Administrative Procedure and Review.* Consequently, that judgment became final and conclusive on May 11, 1967—hence impregnable to collateral assault and subject to question only by a direct proceeding instituted for that purpose." (Emphasis added).

We believe the above italicized language was essentially dictum, because the finality of the county court's order and the lack of appeal therefrom do not seem to have been litigated issues in the case. We further note the court did not cite any authority to support its statement. Therefore, the above quoted language from *In Re Town of Blue Summit, supra,* is not proper authority to sustain appellants' position that Chapter 536 and § 49.230 are alternative methods of appeal from a county court's decision on a municipal incorporation petition.

2. Section 80.020 provides the method for incorporating an area into a town or village, and Section 72.080 provides the method for incorporating an area into a city or town.

■ Appellants' next contention concerns the respective location of Sections 49.230 and 72.080 within the Missouri Revised Statutes. Recognizing that § 536.100 and Rule 100.03 preclude judicial review if "some other provision for judicial review is provided by statute," appellants cite several cases that hold that the Administrative Procedure Act does not apply to appeals from agencies which have their own separate review provision set up in their own special statutes. See, e. g., *State ex rel. State Tax Commission v. Luten,* 459 S.W.2d 375 (Mo. banc 1970); *Brogoto v. Wiggins,* 458 S.W.2d 317 (Mo.1970). Appellants argue that these cases indicate that appeal under the Administrative Procedure Act lies *unless* the separate review provision is incorporated in or very near the very section under which the administrative officer or body acted. According to appellants, since § 72.080 does not incorporate within its terms a provision for review, then § 49.230 should not be treated as the exclusive method of review.

This is not the law. First, § 536.100 and Rule 100.03 refer merely to "some other provision for judicial review"; they do not require the judicial review provision to be embodied in the enabling act itself. Secondly, § 49.230, by its own terms, applies to all decisions, orders and findings of county courts and certainly includes decisions rendered under § 72.080. Thirdly, the cases cited by appellants involved review provisions that actually were embodied in or very near the enabling act itself. However, we find no case holding that the review provisions *must* be located in or very near the enabling act in order to preclude appeals under the Administrative Procedure Act. Section 72.080 does have its own separate review provision set out in its own special statute, and that separate review provision and special statute is § 49.230. Lastly, impractical results would follow from appellants' argument. Appellants'

Whether the petition is brought under § 72.-080 or § 80.020, appeals from the denial of the petition for municipal incorporation are governed by the same review provisions.

contention, if sustained, would require that every review provision of an enabling action be incorporated in or proximate to the enabling act. This would lead to needless legislative redundancy. Appellants' contention is without merit.

The question that remains is whether the *Duquesne* holdings are altered by the fact that in this case it was the county council that acted and not a "county court." In other words, do the appeal provisions of § 49.230 apply to decisions of a county council as well as a county court?

The courts of this state have not hesitated to substitute the words "county council" for the words "county court" whenever it was clear that the legislature intended a statute to apply equally to both. *State ex inf. Eagleton v. Champ,* 393 S.W.2d 516 (Mo. banc 1965), was a quo warranto proceeding to have a St. Louis County village's incorporation and its later annexation action declared void. The village had been incorporated under § 80.020 RSMo. 1959 and its later annexation action had been conducted under § 80.030 RSMo. 1959. Both statutes use the words "county court" instead of county council. The court noted (at p. 521): "St. Louis County is a charter county and its County Council, established under its charter, is charged with the duties normally performed by the county court in most counties. It acted on the petition to incorporate the Village of Champ under the provisions of § 80.020." Also see, *St. Louis County v. Village of Champ,* 438 S.W.2d 205, 213 (Mo. banc 1969) (construing §§ 71.-860–.920 RSMo. Supp. 1963); *Emerson Electric Manufacturing Company v. City of Ferguson,* 376 S.W.2d 643, 648 (Mo.App. 1964) (construing § 80.030 RSMo. 1949).

We hold that the fact that the petition to incorporate in this case as brought before a county council (and not a county court) does not change the rule of *Duquesne,* supra, that appeals from § 72.080 are taken in accordance with § 49.230.

We hasten to point out that our holding that the lower court review of this case should have been taken pursuant to § 49.-230 does not mean that we equate the county court with the county council under all sets of facts. There are cases clearly to the contrary. See, e. g., *Schmoll v. Housing Authority of St. Louis County,* 321 S.W.2d 494, 498 (Mo.1959); *State ex rel. Town of Olivette v. American Telephone and Telegraph Company,* 280 S.W.2d 134, 137 (Mo. App.1955). We merely hold that an aggrieved party in a municipal incorporation action brought under § 72.080 must take an appeal by complying with § 49.230. That was the status of the law prior to the 1971 change of § 72.080, and we believe no distinction can be made in this instance between a county court and a county council. Both serve in the same capacity, and we believe the legislature intended that § 49.-230 serve as the appellate vehicle from decisions of both county courts and county councils under § 72.080.

Since § 49.230 was the proper method of appeal from the County Council's decision, petitioners' notice of appeal was not timely filed and the circuit court was correct in dismissing the appeal.

Appellants' remaining contention is that the court erred in dismissing the count for mandamus. That count was brought under § 536.150 and Rule 100.08. If another provision for judicial review applies, mandamus will not lie. § 536.150; Rule 100.08. Since § 49.230 provides for review of § 72.080 municipal incorporation cases, review by mandamus under § 536.150 and Rule 100.08 is precluded.

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.