STATE of Missouri ex rel. Lawrence L. BALLARD, Marilyn Ballard, Albert J. Appel and Constance Appel, Relators,

v.

Drew W. LUTEN, Jr., Respondent.

No. 38761.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Aug. 16, 1977.

Shifrin, Treiman, Bamburg & Dempsey, Harold B. Bamburg, Kenneth J. Heinz, St. Louis, for relators.

Thomas W. Wehrle, County Counselor, Dennis Morgan, Asst. County Counselor, Clayton, for County Council and St. Louis County.

Ziercher, Hocker, Tzinberg, Human & Michenfelder, Albert A. Michenfelder, Jr., Clayton, for respondent.

NORWIN D. HOUSER, Special Judge.

Prohibition. The question for determination is which of two statutes governs the time allowed for filing an appeal from an order of the St. Louis County Council made pursuant to § 71.270,[1] vacating 45 feet of

---

1. All section citations refer to RSMo 1969, V.A.M.S. Section 71.270 provides that whenever a tract or parcel of land lying outside the limits of a municipality shall have been subdivided

Shady Meadows Drive, a public street in a platted subdivision located in St. Louis County outside the corporate limits of any municipality. Two corporations objecting to the vacation filed in circuit court a petition for judicial review of the order of the county council, praying for a judgment declaring null and void the order of vacation and ordering restoration of the pavement removed under the order. Property owners, defendants in that action, moved to dismiss the petition on the ground that no appeal from the order of the county council was taken within 10 days of the order, as required by § 49.230.[2] The circuit judge overruled this motion and a similar motion to dismiss filed by St. Louis County and its council. The property owners then filed in this court a petition for a writ of prohibition to prohibit the circuit judge from proceeding on the petition for review, contending that no appeal from the county council's order was filed within 10 days after the order was entered. The circuit judge filed a motion to dismiss the petition for a writ of prohibition, alleging that the procedure for appeal from the order of the county council is provided by § 228.120(2),[3] and that the two corporations timely filed their petition for judicial review within the 30 days allowed by § 536.110[4] for the filing of such a petition. Our preliminary writ of prohibition issued and the pleadings were made up by the filing of return and reply.

■ We conclude that § 49.230, the general statute governing appeals from the decisions, findings and orders of county courts, controls in this case; that § 228.-120(2), relating to judicial review of a county court order vacating "a public road" is inapplicable; that under § 49.230 parties aggrieved by a county court order, or in this case the order of a county council, vacating a portion of a street in a platted subdivision located outside the corporate limits of a municipality must file a notice of appeal within 10 days from the date of the decision of the county council, and since respondents failed to do so our preliminary writ of prohibition should be made permanent.

In determining the intention of the General Assembly with respect to whether § 49.230 or § 228.120(2) applies in this situation we have considered the relevant chapters and sections of the statutes contained in Title XIV, Roads and Waterways, the provisions of Chapter 536, and the general case law in this and related fields of the law.

Section 228.120(2), upon which respondents rely, is found in Chapter 228, Establishment and Vacation of Roads, under the subtitle Public Roads. Sections 228.010–228.190, which compose this subtitle, constitute what is generally referred to as the "road law." Various sections of the subtitle relate to the procedure for establishing "all public roads, except state roads," either by petition signed by at least 12 freeholders of the township or townships through which the proposed road may run, or by condemnation; procedure for vacating such road, changing its route, etc., with provision for recognition of "legally established roads" based on user and for abandonment and vacation of public roads based on nonuser.

■ Section 228.120(2), and not § 49.230, prescribes the procedure to be followed for review of an order of a county court vacat-

---

and streets, roads, etc. marked on the recorded plat of the subdivision it may be lawful for the county court to vacate the streets, roads, etc. or part of them upon the petition of the owner or owners of the ground fronting thereon, proposed to be vacated.

**2.** "Appeals from the decisions, findings and orders of county courts of a quasi-judicial nature affecting private rights shall be made within ten days from the date of the decision, findings or order by filing notice of appeal with the county court. * * *" [St. Louis County Council is to be regarded as a county court

within the purview of this section. See *In re Incorporation of City of River Bend*, 530 S.W.2d 704, 708[4] (Mo.App.1975)].

**3.** "Any order of the county court * * * vacating a public road shall be subject to judicial review to the same extent and in the manner prescribed by chapter 536, RSMo."

**4.** "1. Proceedings for review may be instituted by filing a petition in the circuit court * * * within thirty days after the mailing or delivery of the notice of the agency's final decision. * * *" That the petition for review was filed on the 29th day is not contested.

ing a public road, as that term is used in the "road law," i. e., the statutes relating to the establishment, vacation or change of a public road. *Ross v. Conco Quarry, Inc.,* 543 S.W.2d 568 (Mo.App.1976). Section 228.-120(2), however, is not a general statute on the subject of judicial review of all county court orders of vacation of all kinds and types of public thoroughfares and ways, and was not so intended. "Public road" as the term is used in § 228.120(2) is not a generic term. Section 228.120(2) refers and applies only to the type and kind of public road established by the procedures set forth in that subtitle, i. e., public roads established by county court (or council) order on petition of 12 or more freeholders under § 228.020, or by condemnation under § 228.-100, or by prescription under § 228.190. This conclusion follows from these considerations: No other statutes providing for the establishment of other types of public thoroughfares provide for judicial review of orders of vacation by cross-reference to § 228.120(2). Some other statutes relating to other types of public thoroughfares make provision *in those statutes* for vacation of such thoroughfares. For instance, separate provision is made in §§ 71.240, 71.250 and 71.260 for vacation of streets in cities and towns, and in §§ 71.270, and 71.280 for vacation of streets, alleys, roads, etc. in platted subdivisions located outside the limits of any incorporated town, village or city. The provisions of the "road law" (those statutes dealing with the establishment, vacation or change of a public road) "have been regarded as distinct and discrete even when encoded with other statutes." *Ross v. Conco Quarry, Inc.,* supra, 543 S.W.2d l.c. 573. It is clear that the provisions of § 228.110 for the vacation of *roads* has application only to roads contemplated by the subtitle, Public Roads, and not to many other kinds of public thoroughfares referred to in various other sections of the statutes, viz.: state highways (§ 226.010); state roads (§ 228.020); private roads (§ 228.340 et seq.); streets in unincorporated towns and villages (§ 231.340), etc. *Winschel v. County of St. Louis,* 352 S.W.2d 652 (Mo.1961), illustrates this principle. There the Supreme Court held that a street in a

platted subdivision located in an unincorporated area outside the limits of any incorporated town, city or village may be vacated only in accordance with the provisions of § 71.270 relating to vacation of that particular kind of street, and that the provisions of § 228.190 for vacation of public roads by nonuser are inapplicable.

Various categories of thoroughfares and ways above listed have been given independent recognition and separate and distinct treatment, under the principle "each to its own," not only in connection with proceedings to vacate, but also in the matter of appeals. Thus, as early as 1911 the Supreme Court, in *State ex rel. United Rys. Co. of St. Louis v. Wiethaupt,* 238 Mo. 155, 142 S.W. 323, held that an appeal of a county court judgment granting a petition for a private road could not be taken under the section of the statutes relating to appeals of a county court judgment for opening public roads, but had to be taken under the general statute relating to appeals to circuit court from the judgments of county courts; that the words "any road" were not intended to include a private road. In the course of the opinion the Supreme Court said, 142 S.W. l.c. 325: "Although placed in the same chapter and articles since 1879, all of the provisions of the law as to each kind of road are found connectedly and separately in the statutes, forming two systems, *and the provisions of one are not made applicable to the other."* (Our emphasis.)

*In Petition to Incorporate the City of Duquesne,* 322 S.W.2d 857 (Mo.1959), transferred from *In re City of Duquesne,* 313 S.W.2d 65 (Mo.App.1958), an appeal from an order of a county court denying a petition filed under § 72.080 for the incorporation of a proposed municipal corporation, taken under § 49.230, was held to confer jurisdiction on the circuit court, as against the contention that petitioners should have complied with the provisions of the Administrative Procedure and Review Act, Chapter 536.

*In re Incorporation of City of River Bend,* 530 S.W.2d 704 (Mo.App.1975), stands for the proposition that § 49.230 is the exclusive avenue of review from a decision of the

St. Louis County Council denying a petition filed under § 72.080 for the incorporation of a proposed municipality; that the losing parties did not have the option of appealing under the Administrative Procedure and Review Act, and that failure to file notice of appeal within the 10 days allowed by § 49.230 precluded appellate review.

■ Respondent confidently relies upon *Duenke v. St. Louis County,* 358 Mo. 91, 213 S.W.2d 492 (1948), in which the Supreme Court applied the then-existing judicial review section contained in the general road law, § 8483, RS 1939,[5] to § 7320, RS 1939 (now § 71.270 [1]). The principal reason given for the decision was the broad language of § 8483: ("* * * all cases * * * for any purpose by petition as now provided by law * * * any public road * * * or as an individual affected thereby in any manner * * *"). The broad language of § 8483, RS 1939, however, was repealed and the section reenacted in the more restrictive language of present § 49.230. More to the point, the Administrative Procedure and Review Act, Chapter 536, which was not mentioned in *Duenke,* and which respondent contends provides the proper mode of appeal, excludes the application of the general provisions of that Act where "some other provision for judicial review is provided by statute." § 536.100. The same exclusion appears in Rule 100.03. On the basis of § 536.100 and Rule 100.03 the provisions of Chapter 536 with respect to appeal are held to have no application to agencies which have their own separate review provisions set up in their special statutes; the latter provide the exclusive method of appeal. *Brogoto v. Wiggins,* 458 S.W.2d 317 (Mo. 1970); *American Hog Co. v. County of Clinton,* 495 S.W.2d 123 (Mo.App.1973); *In re City of Duquesne,* 313 S.W.2d 65 (Mo.App. 1958), transferred to 322 S.W.2d 857 (Mo. 1959). Section 49.230 is the review provi-

sion set up in the special statutes relating to county courts.

*Duenke v. St. Louis County,* supra, is anomalous; its rationale is out of harmony and not in conformance with the rationale of other decisions of the Supreme Court decided before and after *Duenke.* In view of the contrary reasoning found in the judicial literature in this field, and since *Duenke* was founded upon a statute since repealed, we do not consider it ruling authority on this question.

Therefore, since there is no provision in the separate code section applicable to vacation of streets in subdivisions outside the limits municipalities, § 71.270, for judicial review of orders of county councils vacating such streets or portions thereof, and since the special statute relating to judicial review of orders vacating public roads, § 228.-120(2), is not applicable to judicial review of orders made with reference to this particular type of street, the conclusion is inescapable that the two corporations aggrieved by the order of the county council were obliged to take their appeal within 10 days under the general appeals statute, § 49.230. They failed to do so and therefore the circuit court did not acquire jurisdiction.

Preliminary writ made permanent.

SIMEONE, C. J., and ALDEN A. STOCKARD, Special Judge, concur.

---

5. § 8483, RS 1939: "In all cases wherein it is sought to vacate a public road for any purpose by petition as now provided by law, there shall exist the right of appeal from the ordering and judgment so vacating any public road, from the county court to the circuit court by any party in interest in common as remonstrators, or as an individual affected thereby in any manner, * * * *."