**HORSESHOE BEND PROPERTY OWNERS ASSOCIATION, et al., Appellants,**

v.

**CAMDEN COUNTY COMMISSION, et al., Respondents.**

**No. 15268.**

Missouri Court of Appeals,
Southern District,
Division One.

March 10, 1988.

Motion for Rehearing or Transfer to Supreme Court Denied
March 31, 1988.

Application to Transfer Denied
May 17, 1988.

Timothy R. Cisar, Loraine & Cisar, P.C., Lake Ozark, for appellants.

Duane Benton, Harvey M. Tettlebaum, Jefferson City, for respondents Village of Four Seasons and its trustees.

No appearance for respondents Camden County Com'n and its Com'rs.

CROW, Chief Judge.

On December 8, 1986, the County Commission of Camden County entered an order declaring the incorporation of Village of Four Seasons as a body politic and corporate pursuant to chapter 80, RSMo 1986. The order designated the metes and bounds of the village and appointed a five-member board of trustees.

On January 6, 1987, a "Petition to Review Incorporation of Village of Four Seasons" was filed in the Circuit Court of Camden County by Horseshoe Bend Property Owners Association and 54 individuals. The petition averred that the individual plaintiffs resided in or near the newly created village, and that the decision of the Commission was improper in sundry respects. The petition prayed that the Circuit Court "reverse" the Commission's decision and "disincorporate" said village or, in the alternative, that the Circuit Court "remand the case" to the Commission for a rehearing with directions to take and hear evidence, make a proper record, and determine the issue upon the evidence received. Named as defendants were the Commission and its three Commissioners.

The defendants responded by filing a motion to dismiss the petition for failure to state a cause of action.

The Village of Four Seasons and its five trustees subsequently filed a motion for leave to intervene, which was granted. The intervenors then filed their separate motion to dismiss the petition, averring that the plaintiffs "lack standing and are not aggrieved parties under Chapter 536, RSMo 1986."

On June 8, 1987, the Circuit Court granted the defendants' motion to dismiss and granted the intervenors' motion to dismiss. In a letter accompanying its ruling, the Circuit Court indicated that the plaintiffs were without standing to bring the action.

The plaintiffs appeal, briefing two assignments of error. The first alleges that inasmuch as the plaintiffs are residents in and near the newly incorporated village, they have personal and property rights which will be directly and substantially affected by said village. Consequently, say plaintiffs, they have standing to obtain judicial review of the Commission's decision.

Plaintiffs' petition asseverates it is brought per § 49.230, RSMo Supp.1985, which provides:

"Appeals from the decisions, findings and orders of county commissions shall be conducted under the provisions of chapter 536, RSMo." Laws 1985, p. 361, S.B. 405.

Section 536.100, RSMo 1986, provides:

"Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140. . . ."

Proceedings for judicial review are instituted by filing a timely petition in the circuit court of the county of proper venue. § 536.110.1, RSMo 1986.

In 1920, the Supreme Court of Missouri was confronted by a similar case: *In re City of Uniondale*, 285 Mo. 143, 225 S.W. 985 (1920). There, a petition was filed in

the County Court[1] of St. Louis County seeking an order incorporating certain territory in said county as a city of the fourth class. A number of alleged citizens and taxpayers residing in the designated territory filed a "remonstrance" protesting the incorporation. The County Court, after a hearing, entered an order incorporating the designated territory as a city of the fourth class. The remonstrators appealed to the Circuit Court of St. Louis County. The newly incorporated city moved the Circuit Court to dismiss the cause on the ground that no appeal lay from such an order. The motion was granted. On appeal, the Supreme Court stated that the issue presented was whether the so-called remonstrators had the right to appeal. 225 S.W. at 986. The Supreme Court explained that the statute pertinent to the incorporation of cities of the fourth class (§ 8529, R.S. 1909) did not provide that the taxable inhabitants of the subject territory who did not sign the petition could appear and contest it. 225 S.W. at 987. Emphasizing that the incorporation process was a special statutory proceeding, the Supreme Court said:

> "The statute that created the right provides the remedy and prescribes the procedure. It is complete within itself, and it alone, therefore, determines who may be parties.... Taking it as the criterion, it must be held that the proceeding is in no sense adversary. The action of the [remonstrators] in filing a remonstrance in order to become parties, was entirely futile. Their relation to the proceeding might be considered that of amici curiae, but nothing more. It follows that they were not entitled to appeal." *Id.*

The Supreme Court acknowledged an argument could be made that taxpayers opposed to incorporating the territory within which they reside should be accorded the right to be heard, as such incorporation would subject them to the burdens of municipal taxation. *Id.* However, said the Supreme Court, the giving or withholding of such right is a matter that rests wholly within the discretion of the legislature. *Id.*

The issue surfaced again in *Kansas City v. Rooney*, 363 Mo. 902, 254 S.W.2d 626 (banc 1953). There, certain landowners appealed to a circuit court from an order of a county court denying their petition for incorporation of certain territory as a village. A prohibition proceeding was commenced in the Supreme Court of Missouri—apparently by opponents of the incorporation—seeking to bar the circuit court from adjudicating the appeal. The Supreme Court denied relief, stating: "An appeal from the judgments and orders of County Courts is authorized by Section 478.070 [RSMo 1949]. See *In re City of Uniondale....*"[2] 254 S.W.2d at 627.

The opinion in *Rooney* went on to explain:

> "... the 1945 Constitution has taken all judicial power from the County Court so that it is no longer a judicial court but has become an administrative body. Section 22 of Article V of the Constitution authorizes appeals from decisions of administrative bodies and provides the scope of review." *Id.*

Article V, § 22, Constitution of Missouri (1945), referred to in *Rooney*, provided:

> "All final decisions ... and orders of any administrative ... body ... which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the deter-

---

1. County courts became county commissions in 1983. Laws 1983, pp. 307–08, S.B. 219, § 49.010.

2. While one might be astonished that *Uniondale* was cited in *Rooney* as authority for the proposition that the county court's order denying incorporation in *Rooney* was appealable to the circuit court, there is a passage in *Uniondale* stating: "Had the petitioners been aggrieved by this judgment, there is no doubt but that under section 3956, R.S. 1909, they would have been entitled to an appeal to the circuit court, and thereupon that court would have become possessed of the cause and authorized to hear and determine it...." 225 S.W. at 986. That passage appears to be obiter dictum, as the Supreme Court in *Uniondale* was not called upon to decide whether the *petitioners* could appeal a county court decision *denying* incorporation. The Supreme Court in *Uniondale* decided only that the *remonstrators* could not appeal a county court decision *granting* incorporation.

mination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record."[3]

Applying the above constitutional provision, the Supreme Court in *Rooney* concluded that the circuit court was authorized to decide whether the county court could have reasonably made its findings and reached its result, upon consideration of all of the evidence before it. 254 S.W.2d at 627–28.

So far as we can determine, the next case to reach the Supreme Court of Missouri involving judicial review of a decision of a county court on a petition to incorporate a municipality was *Petition to Incorporate the City of Duquesne*, 322 S.W.2d 857 (Mo. 1959). There, a petition was filed in a county court to incorporate certain territory as a city of the fourth class per § 72.080, RSMo 1949. The county court denied the petition, whereupon the petitioners filed a notice of appeal to the circuit court. That court affirmed the order of the county court. The Springfield Court of Appeals affirmed the circuit court judgment, *In re City of Duquesne*, 313 S.W.2d 65 (Mo.App.1958), but transferred the case to the Supreme Court because of the general interest and importance of the questions involved. As we read the Supreme Court's opinion in *Duquesne*, no issue was raised regarding the standing of the petitioners to appeal to the circuit court from the decision of the county court. Instead, the opinion examines the authority of a county court to hear evidence and determine fact issues in a proceeding to incorporate a municipality. 322 S.W.2d at 861–62. The opinion explains that the General Assembly intended that towns to be incorporated under § 72.080 should correspond in some reasonable degree in population and area with an incorporated city of the class involved, comprising a compact center of population, and might include, to the extent proper, a suburban area having a unity of interest there-

with. 322 S.W.2d at 863[4]. It was not the intent of the General Assembly that a rural or agricultural area having no natural connection with and not constituting a part of the unincorporated city or town be included. *Id.* The opinion concludes that the order of the county court denying incorporation was supported by competent and substantial evidence upon the whole record.

Eight years after *Duquesne*, the Supreme Court of Missouri decided *In re Village of Lone Jack*, 419 S.W.2d 87 (Mo.banc 1967). There—as in the instant case—a county court granted a petition to incorporate a village, whereupon certain residents of the newly created village appealed to the circuit court. That court affirmed the order of the county court, but later set aside its affirmance and granted a new trial. The proponents of the incorporation appealed from the order granting the new trial to the Kansas City Court of Appeals, which reversed and remanded with directions to reinstate the judgment affirming the county court's order. On application of opponents of the incorporation, the Supreme Court ordered the case transferred to it. The Supreme Court held that the record of the proceedings in the county court did not meet the requirements for judicial review, as it did not contain a transcript of the testimony heard by the county court. *Id.* at 89–90. The opinion said:

"The question of whether land is used only for farming or agricultural purposes and not devoted to or constituting a part of the community is inherent in a proceeding before a county court to incorporate into a new village acreage of this size occupied by such few inhabitants. Neither the circuit court, nor any other court, can properly review and determine whether the order of the county court is supported by competent and substantial evidence on that question in the absence of all the evidence." *Id.* at 90.

The Supreme Court ruled that the circuit court should remand the case to the county court for a rehearing of the evidence and

**3.** Article V, § 22, Constitution of Missouri (1945), was repealed by election August 3, 1976, effective January 2, 1979. The present constitutional provision regarding judicial review of decisions of administrative bodies is Article V, § 18, adopted at the same election.

its preservation for review. *Id.* at 90–91. The subject of standing of opponents of incorporation to appeal to a circuit court from a county court order granting incorporation was not addressed.

The most recent decision by the Supreme Court of Missouri in a case where a county court order in a municipal incorporation proceeding was challenged is *Cherry v. City of Hayti Heights,* 563 S.W.2d 72 (Mo. banc 1978). There, a petition was filed in a county court for the incorporation of a municipality under § 72.080, RSMo 1969. The county court ordered an election on the issue, which produced an overwhelming vote favoring incorporation. On December 28, 1972, the county court entered an order declaring the municipality incorporated. The municipality immediately organized and began conducting business. Nearly two years later, an owner of property in the municipality filed an action for declaratory judgment that the incorporation order was invalid and that the municipality should be enjoined from levying taxes on her property. The circuit court entered judgment in the landowner's favor.

On appeal, the Supreme Court held,[4] among other things, that the landowner's claim was barred by the doctrine of laches, *id.* at 77–80, that the municipality had attained at least a de facto status as a municipal corporation, *id.* at 80–85, and that inasmuch as no appeal was taken from the county court's order of incorporation, such order was res judicata and not susceptible to collateral attack by the landowner. *Id.* at 87–88[23]. On the subject of appeal— the issue occupying us in the instant case— the opinion in *Hayti Heights* referred to *In re Town of Blue Summit,* 461 S.W.2d 332 (Mo.App.1970).

In *Blue Summit,* a county court entered an order incorporating a town on April 11, 1967. No appeal was taken from that order. On September 19, 1967, the county court amended its order by entering another order of incorporation. On April 9, 1968, the county court entered an order affirming the original April 11 order as amended by the September 19 order. Opponents of the incorporation appealed to the circuit court from the April 9, 1968, order. The circuit court found that the latter order was not supported by substantial evidence, and entered judgment reversing it. *Id.* at 336. The proponents of incorporation appealed to the Kansas City Court of Appeals. That court, in its opinion, said:

"The proposed town of Blue Summit was judicially declared to be 'a body politic and corporate as a town' on April 11, 1967, by order and judgment of the county court entered on that day. The opponents of that action slept on their statutory rights of appeal or review and permitted that judgment to ripen into finality. Under the doctrine of res judicata it still stands as a final determination that the town of Blue Summit has been constituted a municipal corporation, and it will so remain until and unless a contrary declaration is made by a court of competent jurisdiction in a direct proceeding in quo warranto instituted for the specific purpose of ousting it from exercising municipal functions. The possibility that the April 11, 1967, judgment may have been erroneous, even on its face, does not render it void or lessen its effect as to res judicata." *Id.* at 336.

The Supreme Court's opinion in *Hayti Heights* quoted the above passage in support of its holding that the absence of an appeal from the county court's order of incorporation in *Hayti Heights* rendered such order res judicata. 563 S.W.2d at 87–88.

Summed up, we have, in the five Supreme Court cases just discussed, (1) a holding that opponents of municipal incorporation cannot appeal from a county court order granting incorporation, with obiter dictum that petitioners for incorporation can appeal from a county court order denying incorporation (*Uniondale*), (2) a holding that petitioners for municipal incorporation can appeal from a county court order denying incorporation (*Rooney*), (3) an ap-

---

4. The opinion, authored by Seiler, J., had the concurrence of three other judges. The remaining three judges dissented, but none of them filed an opinion.

peal by petitioners for municipal incorporation from a county court order denying incorporation where standing to appeal was not raised and the county court order was judicially reviewed on the merits (*Duquesne*), (4) an appeal by opponents of municipal incorporation from a county court order granting incorporation where standing to appeal was not raised and the appellate court ordered remand to the county court for a rehearing (*Lone Jack*), and (5) a holding that a county court order declaring municipal incorporation became res judicata, and consequently immune from collateral attack by an opponent of incorporation, when no appeal therefrom was taken (*Hayti Heights*). *Hayti Heights*, as noted above, quoted with approval the excerpt from *Blue Summit* stating that because the opponents of incorporation in the latter case "slept on their statutory rights of appeal or review" and permitted the county court's order granting incorporation "to ripen into finality," such order stood as a final determination that the town had been constituted a municipal corporation.

Before attempting to determine, from the above authorities, whether the plaintiffs in the instant case are entitled to judicial review of the county court order incorporating Village of Four Seasons, we must address another issue raised by the intervenors. In their brief, intervenors emphasize (as they did in the trial court) that the plaintiffs' petition alleges that the individual plaintiffs are persons "residing in or near" the newly created village. Citing *City of Eureka v. Litz*, 658 S.W.2d 519 (Mo.App.1983), intervenors maintain that the individual plaintiffs' status as residents does not give them standing as "aggrieved" persons to obtain judicial review under § 536.100, RSMo 1986, *supra*.

We find *Eureka* inapposite. There, an application was filed with a city seeking a special use permit so that a commercially zoned tract could be utilized for a proposed medical clinic. City officials issued the permit. A resident of the city and a competing hospital then sought to enjoin the city from further action regarding the permit. The Court of Appeals held that the suit was, if anything, an action for judicial review of an administrative decision. The Court ruled that the suing parties had no standing under § 536.100 to bring such an action, as neither was aggrieved by the granting of the permit. The opinion said:

> "[The individual plaintiff's] status as a resident alone, without a showing of the effect of the decision on his property, will not suffice. To permit each member of the public who disagrees with such a decision to seek judicial review, would effectively destroy the legislative and administrative zoning structure....
>
> The allegations in the petition that [the competing hospital] expends money to provide health care to [the city's] residents also fails to comply with the above standards to make a showing of aggrievement." *Id.* at 522–23.

The instant case does not present an issue of standing to protest the grant of a special use permit for a particular tract, but instead involves the question of whether residents in and near a newly incorporated village have standing to obtain judicial review of the order of incorporation. As to whether they are aggrieved by such order, we find guidance in these excerpts from *Eureka:*

> "To qualify as aggrieved persons, plaintiffs must demonstrate a specific and legally cognizable interest in the subject matter of the administrative decision and that the decision will have a direct and substantial impact on that interest. The decision must operate prejudicially and directly upon plaintiffs' personal or property rights or interests and such must be immediate and not merely a possible remote consequence.
>
> Whether plaintiffs have such a protectable interest is a matter for ad hoc determination by the courts under the given circumstances." *Id.* at 522. (Citations omitted.)

In *Uniondale*, the Supreme Court of Missouri, as we have seen, acknowledged that taxpayers residing in a territory that becomes a municipality will be subjected to the burden of municipal taxation. We add

that their realty will be subject to municipal zoning and their activities will be subject to municipal ordinances.

■ We therefore conclude that in the instant case, those plaintiffs residing *within* the newly created Village of Four Seasons are "aggrieved" by its incorporation within the meaning of § 536.100, RSMo 1986, and are thus entitled to obtain judicial review if, under current Missouri law, such review is available to *opponents* of municipal incorporation.

On that issue, we have learned that residents of a newly incorporated village obtained judicial review of the order of incorporation in *Lone Jack*, where their standing to do so was unchallenged,[5] and that the Supreme Court of Missouri held in *Hayti Heights* that the county court order declaring incorporation of the municipality there became res judicata when no opponent thereof appealed. We have also observed that the Supreme Court in *Hayti Heights* quoted with approval the passage from *Blue Summit* stating that the opponents of incorporation there, by sleeping on their statutory right of appeal or review, permitted the order of incorporation to ripen into finality.

We are bound to follow the last controlling decision of the Supreme Court of Missouri. Mo.Const. art. V, § 2 (1945); *Estate of Seabaugh*, 654 S.W.2d 948, 957[4] (Mo. App.1983). Were *Uniondale* the most recent decision of the Supreme Court on the subject, we would be obliged to affirm the trial court's order of dismissal. We believe, however, that under *Lone Jack* and *Hayti Heights*, the Supreme Court of Missouri now recognizes the right of a resident of an area incorporated as a municipality by order of a county commission, or an owner of realty in such municipality, to obtain judicial review of such decision per §§ 49.230 and 536.100–.140, RSMo 1986. Our belief is buttressed by the fact that the Supreme Court's opinion in *Hayti Heights*

makes reference to *Uniondale*. 563 S.W. 2d at 86. If the Supreme Court in *Hayti Heights* had felt *Uniondale* barred opponents of municipal incorporation from judicial review of a county court order granting incorporation, the Supreme Court in *Hayti Heights* would not, as we analyze it, have held that the order of incorporation there became res judicata when no appeal therefrom was taken, as such a holding implies a right of appeal by opponents of incorporation.

■ We therefore hold that those plaintiffs who reside in Village of Four Seasons or who own realty therein have standing to bring the instant action. Plaintiffs do not cite, and our independent research has not found, any authority allowing persons who reside near, but not in, said village (without owning realty therein), to bring such an action. Consequently, we hold that such plaintiffs who neither reside in the village nor own realty therein are without standing to bring this suit.

One final issue must be noted. Plaintiffs' petition alleges that Horseshoe Bend Property Owners Association is an unincorporated association. Intervenors maintain that an unincorporated association has no capacity to sue. We need not decide that issue because even if intervenors are correct, striking the association as a plaintiff will not terminate this action, as it can be pursued by the individual plaintiffs residing in or owning realty in Village of Four Seasons. On remand, intervenors can move the trial court to strike the association as a plaintiff, and that issue can be resolved there.

At the outset of this opinion, we reported that the trial court, in addition to granting intervenors' motion to dismiss on the ground that the plaintiffs lacked standing to prosecute this action, also granted a motion by the defendants (County Commission of Camden County and its Commissioners) to dismiss the petition on the

---

**5.** In one place, the opinion in *Lone Jack* characterized the opponents as residents, 419 S.W.2d at 88; at another place the opinion characterized the opponents as taxable inhabitants. *Id.* The statute under which Village of Four Seasons

was incorporated, § 80.020, RSMo 1986, provides that the petition for incorporation shall be signed by two-thirds of the taxable inhabitants of the village.

ground that it failed to state a cause of action. Unlike intervenors, the defendants have filed no brief in this appeal. We have examined the petition and we find it sufficient to state a cause of action for judicial review of the Commission's order of incorporation.

Having reached the foregoing conclusions, we need not consider plaintiffs' second assignment of error.

The order of the trial court dismissing plaintiffs' petition is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

GREENE, P.J., and HOLSTEIN, J., concur.