Mamie EAVES, Plaintiff-Respondent,

v.

Elsie WAMPLER, Defendant-Appellant.

No. 31838.

St. Louis Court of Appeals.

Missouri.

May 18, 1965.

Barnard, Timm & McDaniel, Walter F. Timm, St. Louis, for defendant-appellant.

Thurman, Nixon, Smith & Howald, Robert L. Smith, Hillsboro, for plaintiff-respondent.

BRADY, Commissioner.

The respondent brought this action to recover from the appellant damages resulting from an automobile collision which occurred while she was a passenger in the appellant's automobile. The jury returned a verdict for respondent in the amount of $8,500.00. The trial court overruled appellant's timely after-trial motions, and she appeals. The parties will hereafter be referred to by their designation in the trial court.

■ There are several preliminary matters which must be ruled prior to any consideration of this appeal on its merits. We are first confronted with plaintiff's motion to dismiss this appeal on the grounds that defendant's brief fails to comply with Rule 83.05(a) (2), V.A.M.R., in that the brief does not contain a fair and concise statement of the facts without argument. Subsection (c) of that same rule states, in part, that the statement of the facts shall be relevant to the questions presented for determination and should not include irrelevant facts and testimony. While the statement of facts is rambling and includes many formal matters and factual statements irrelevant to a determination of the issues presented by this appeal, it does not so violate the rule as to require sustention of the motion. Accordingly, the plaintiff's motion to dismiss the appeal should be overruled.

■ There is another matter which, if ruled in the defendant's favor, would prevent this court from a consideration of this appeal on its merits. The defendant contends that the trial court ruled upon her motion for new trial without giving her an opportunity to be heard thereby depriving her of due process of law in violation of the fifth amendment to the Constitution of the United States and of Article 1, Section 10, of the Constitution of Missouri, V.A.M.S. We need not rule whether the defendant's contention requires a construction of the constitution of this state nor whether the issue was properly preserved. Those interested in such questions may refer to the excellent article on Missouri Appellate Jurisdiction in the December, 1964, issue of the Washington Law Quarterly. In the instant case the transcript recites that the trial court heard arguments on the motion for new trial. Defendant's counsel now states that this entry in the transcript is false and that no hearing was granted, yet he approved the transcript containing such a recital without any attempt to change what he now claims incorrect. Under these conditions this court is bound by the recital in the transcript. This court has jurisdiction of this appeal.

■ Another preliminary ruling is necessitated by the fact the defendant has briefed two allegations of prejudicial error which are not properly before this court. The first of these is the contention that the trial court erred in refusing to allow defendant to question plaintiff regarding the statement plaintiff allegedly made to the effect that there was nothing defendant could do to avoid the accident. There is no specific mention of this matter in the motion for new trial and neither does that motion contain a general assignment basing alleged error upon the exclusion of proper evidence. In her reply brief defendant urges that this assignment of error comes under paragraph 21 of her motion for new trial. That paragraph reads: "Under the law, the pleadings and under the evidence, plaintiff has failed to show that defendant Wampler was negligent in any of the particulars charged in plaintiff's petition." It is obvious that this assignment is directed to another matter entirely; i. e., the trial court's action in overruling defendant's motion for a directed verdict offered at the close of all the evidence. It cannot fairly be said to include the matter which defendant now seeks to raise.

The second allegation of error which is briefed although not raised in the motion for new trial is that the trial court erred in not ruling upon the defendant's objections made during plaintiff's closing argument. Actually, the trial court did overrule each of the defendant's objections, although it did not use the word "overrule." It is well settled that while the use of such a term is preferred, the trial court may use other language which is tantamount to the use of the term "overruled." We will not further discuss this matter as it is not made the subject of any allegation of prejudicial error in the motion for new trial.

There are four allegations of prejudicial error which require our ruling. The first of these deals with the trial court's actions with regard to the alleged injection of the fact that the defendant had insurance into this case. The second has reference to the various contentions raised by the defendant in support of its argument that she was entitled to a mistrial due to improper closing argument by plaintiff's counsel. The third has to do with alleged error in the giving of plaintiff's verdict-directing instruction. The last is that the cumulative effect of the trial court's errors in rulings require reversal of this case. The statement of the facts contained in this opinion will be limited to those facts bearing upon those issues.

Plaintiff was a passenger in defendant's automobile proceeding southwardly on U. S. Highway 67 in St. Francois County at a speed of between 45 and 55 miles per hour. Some time before they came along there had been an accident ahead on the highway and one of the cars involved, a Plymouth, was still in the defendant's lane of traffic stopped at an angle across the lane. The impact occurred at a point approximately even with the north end of a guardrail on the shoulder of the highway. The defendant testified she first saw the Plymouth as she came over the crest of the hill just to the north of this point. The crest of the hill was fixed by reference to a side road. She also testified that the distance between the crest of the hill and the point of impact was "around 500 feet." Plaintiff's witness Boyer, a land surveyor, testified that he had drawn a scale profile of this area using the point of impact as a base point. He measured from the crest of the hill to the base point and gave the distance as 635 feet. There is nothing to obstruct the vision between the crest of the hill and the base point. By the use of scale models of the automobiles involved he drew the line of sight of a driver approaching this scene on the highway. His evidence was that at a point 635 feet away from the impact the upper one-half of the Plymouth would have been visible and that from 500 feet away, all of the Plymouth would have been visible to the defendant. The defendant's car was in good condition. It was a clear dry day.

The occurrences during this trial cited by the defendant in support of its contention that defendant's insurance coverage was improperly injected into this trial are fourfold. Prior to voir dire the defendant's counsel had advised the court and plaintiff's attorney that the Hanover Insurance Company had a financial interest in the outcome of the case. The plaintiff's attorney by leave of court asked one general question to the jury regarding this matter. However, in that question he misnamed the insurance company involved and referred to the Hancock Insurance Company. During the recess at the close of the voir dire examination defendant's counsel apprised the court of the misnaming of the insurance company by plaintiff's counsel and requested a mistrial. His motion was overruled. The second alleged improper injection of defendant's insurance also came during voir dire. The plaintiff's counsel asked this question: " * * * Mrs. Eaves, my client in the case was examined for Mr. Timm, the insurance, the defendant's lawyer by Dr. Louis Reuter whose office is on 9th Street in St. Louis and to be exact I think it's 2625A N. Ninth Street, are any of you folks acquainted with Dr. Louis Reuter or have you ever been examined by this doctor? * * * " The defendant's counsel admits he didn't hear the reference to in-

surance contained in the question about Dr. Reuter and made no objection. The third incident occurred during the cross-examination of plaintiff. Defendant's counsel asked: "And do you recall, Mrs. Eaves, I believe Mr. Campbell here took a statement from you, where you were present when you said, 'Mrs. Wampler, there was nothing she could do to avoid this'? Mr. Smith: I want to object to that, Your Honor, as being improper and certainly a conclusion. The Court: That possibly is objectionable as a conclusion, you've no right to cross examine her at the time. Mr. Timm: Your Honor, if I may, just for the record state that if the party who has an interest in the case could make such a statement, I believe it would be proper for me to ask the question. The Court: I think you're going to open something up that you will wish you hadn't. Mr. Smith: I want to object to that, that some investigator might have got to this lady, at that time perhaps he shouldn't have got such a thing. Mr. Timm: I want to object to counsel's statement.

\* \* \* \* \* \*

"THE FOLLOWING OCCURRED AT THE BENCH OUT OF THE HEARING OF THE JURY: The Court: What did you expect, I knew what you were going to lead into. Mr. Timm: I want to move the Court for a mistrial. \* \* \*" Defendant also contends that insurance was improperly injected into the case during final argument wherein this comment was made by plaintiff's counsel: " \* \* \* the gentleman said, this case means as much to Mrs. Wampler as it does to Mrs. Eaves. And I say to you very definitely, absolutely and certainly that is not true." Upon objection and motion for mistrial the court instructed the jury as follows: "It's certainly an improper statement. Just argue the case and the facts that are all in. Now don't try to start other. Motion will be denied, the jury will be instructed to disregard the statement, let's just argue the evidence, don't go trying to testify."

The defendant contends that on four occasions during his closing argument plaintiff's counsel made improper and prejudicial remarks. The first of these has to do with a reference to Thomas Daffron. During the voir dire the plaintiff's counsel had asked the jury whether any of them were acquainted with Mr. Daffron. During cross-examination of the defendant she was asked who Thomas Daffron was and replied that he was her husband's nephew. She was then asked whether or not he operated an automobile body shop; whether he was the one who towed the cars away after the collision; and whether or not he had the bumper of her automobile. In substance her answer to each of these questions was "yes." During final argument counsel referred to Daffron as DaPron and the following occurred: " \* \* \* Now I leave that up to your decision as to what happened and Mr. DaPron, related to Mrs. Wampler out there after the collision, they didn't bring him in. \* \* \*" Defendant's counsel objected on the grounds that " \* \* \* Mr. DaPron was under subpoena by you, Mr. Smith, this morning, you could have put him on the stand." He moved for a mistrial on the ground the witness was equally available. His motion was denied.

Plaintiff's counsel then continued his argument and while commenting upon the medical testimony, he made the following argument: " \* \* \* I want you to remember, the only medical brought in here again, was by us. We brought in Dr. Donnell, who was the treating doctor, brought in the Jefferson County Hospital Records, nothing else has been brought in on their side. Mr. Timm: There's no evidence of any other medical, Your Honor, object to the inferrence (sic) again."

During the closing argument the plaintiff's attorney commented on the distance the defendant was away from the Plymouth when it first came into her view. He then said: " \* \* \* Now what did they do? They went out and they took measurements, they had a man out there measuring, don't

believe for a moment, ladies and gentlemen that the only measurement Mr. Timm's firm got was Mrs. Wampler walking up the highway and counting her steps, don't you believe that for one moment. Mr. Timm: Your Honor, I'm going to object to that. If Mr. Smith has got some other information or evidence I'd like to see it, I resent the implications." Later in the argument the following statements were made: "* * * So you have a situation of Mrs. Wampler saying she could see and he'd like me to leave the inferrence (sic) that there's some secret dip in there. Now what's happened here, we brought in measurements, brought in independent witnesses, brought in engineer's drawings, brought in just one picture that generally shows the scene, shows there was no curve or anything else and what have they brought in? Brought in these two pictures. Now I tell you these two pictures are classic examples of what you can do with photography. Mr. Timm: Object to that, Your Honor, I resent the inferrence (sic), if there's any evidence that those two pictures are not accurate, I'd like to see it in Mr. Thurman's office, Mr. Smith's office or anybody's office."

The plaintiff submitted her case to the jury under an instruction which in its essentials so far as we are here concerned required the jury to find that the Plymouth was stopped on the highway; that by the exercise of the highest degree of care in keeping a lookout the defendant could have discovered the stopped Plymouth in time by the exercise of the highest degree of care and safety to herself and to others, to have avoided the collision by stopping; that the defendant failed to stop and that as a result of such failure the collision occurred; that in so failing to stop the defendant failed to exercise the highest degree of care and was negligent; and that such negligence, if the jury found any, directly caused or directly contributed to cause plaintiff's injuries.

The defendant's contention the trial court erred in permitting certain prejudicial references to the fact she had insurance is without merit. The defendant did not object to plaintiff's counsel's misnaming the insurance company involved when it happened. Instead, he allowed plaintiff to conclude his voir dire and then conducted his own extensive voir dire occupying seven pages of the transcript before he objected. His objection came too late. The result was that the plaintiff did not get to inquire of the panel concerning their interest in the insurance company actually interested in her trial. This plaintiff was entitled to do. Gooch v. Avsco, Inc., Mo., 340 S.W.2d 665, l. c. 668. Accordingly, the defendant was not prejudiced by the trial court's action. The second incident, the use of the word "insurance" in the question involving Dr. Reuter, was never made the subject of any objection by defendant and cannot be raised now.

The defendant complains that the word "investigator" used by plaintiff's counsel in objecting to the question regarding plaintiff's previous statement to the effect there was nothing defendant could do to avoid the collision so injected the fact the defendant had insurance into this case as to compel this court to reverse this judgment and grant the defendant the new trial denied her by the trial court. The word "investigator" cannot be said only to be used in connection with insurance companies. In the question which led to this occurrence defendant's counsel had referred to a statement taken by a Mr. Campbell. The exact words were "I believe Mr. Campbell here took a statement from you * *." Campbell is not otherwise identified but by the use of the word "here" it seems more reasonable that the jury might conclude that Campbell, who was evidently seated near defendant's counsel, was an investigator for the defendant. In any event, we cannot now say the use of this word so injected the fact defendant had insurance

into the minds of the jury as to require reversal of this judgment.

 The last alleged injection of insurance which, defendant contends, should have caused the court to grant her a mistrial occurred during final argument when the plaintiff's counsel took issue with defendant's counsel's statement the outcome of the trial was equally important to both parties. Because the trial court is in a much better position to appraise the effect upon the jury of matters that arise during final argument, it is vested with a wide discretion in ruling upon the prejudicial effect of such occurrences. Willis v. Rivermines IGA Supermarket, Mo.App., 350 S.W. 2d 437. The trial court instructed the jury to disregard the statement, and we must presume the jury followed the court's instructions. In view of the trial court's action in that regard and because the comment was at least partially in rebuttal to defendant's counsel's argument we cannot hold the trial court's action in denying a mistrial was such an abuse of discretion as to compel reversal.

 In support of her contention the trial court prejudicially erred in not granting a mistrial, due to improper argument, the defendant places her main reliance upon the reference by plaintiff's counsel as to defendant's failure to call Mr. Daffron. Taken in the light required of us by the verdict of the jury, the evidence was that Daffron, the nephew of defendant's husband, was at the scene of the collision and towed the defendant's automobile away. He also brought the bumper of defendant's automobile to St. Louis for defendant. There is no need to restate the now familiar principle here involved. Those interested may refer to the cases cited in the Mo. Digest, Trial, ⊂⇒ 122, wherein that principle is clearly set forth and the cases involving a determination of who is "equally available" are collected. In the instant case the relationship borne by Daffron to the defendant's husband is combined with the fact that the defendant was in a su-

perior position to have knowledge of the nature of Daffron's testimony with regard to the position of the cars, damage to the automobiles, and especially any evidence or lack of it of the defendant's attempt to stop her automobile, such as the presence or absence of skid marks. We think the comment was unwise and yet we cannot say that under the combination of circumstances present in this case with reference to Daffron the trial court so abused its discretion with regard to argument of counsel as to commit prejudicial error by denying the defendant the only relief she requested, a mistrial.

 The defendant also contends that the trial court prejudicially erred in overruling her objection to plaintiff's counsel's argument that plaintiff had offered the testimony of the treating physician and the hospital records and "nothing else has been brought in on their side"; that is, no medical testimony was offered by the defendant. This argument, in effect similar to that found in Chailland v. Smiley, Mo., 363 S. W.2d 619, 1. c. 629, is very different from that condemned by this court in Hoffman v. Illinois Terminal R. Co., Mo.App., 274 S.W.2d 591, and taken in the context of the evidence all this amounted to was a comment upon the fact that plaintiff's medical evidence was uncontradicted. The comment did not constitute prejudicial error.

 The last two comments made by plaintiff's counsel during argument which the defendant contends were properly objectionable have to do with the reference to measurements of the distances involved other than that by the defendant and the comment that the two photographs offered by defendant were "* * * classic examples of what you can do with photography." With regard to the first allegedly improper comment, the defendant is mistaken in his contention there was no evidence to justify the comment. The defendant's own testimony was that there were other people than herself mak-

ing these measurements. As to the second allegedly objectionable comment we cannot find anything prejudicially erroneous in it. It may be that plaintiff's counsel was leading up to some prejudicial comment or it may be the comment that was to follow would have been proper. We cannot speculate as to that. The comment made was not such that we can hold the trial court abused its discretion by ruling that it did not constitute improper argument.

■ The defendant's third allegation of prejudicial error has reference to the giving of plaintiff's verdict-directing instruction. The defendant attacks this instruction upon two grounds. The first contention is that the instruction fails to confine defendant's duty to take action to the time she could reasonably appreciate there was apparent danger to the plaintiff. This attack is first advanced in the brief and was not made the subject of any specific objection to the giving of this instruction either at the trial or in the motion for new trial. Accordingly, we will not rule upon the matter.

■ The attack upon this instruction which is properly presented for our ruling is that the giving of the instruction was prejudicially erroneous as there was no evidence as to the defendant's ability to stop her automobile. As stated earlier in this opinion the evidence was that the defendant should have seen the Plymouth stopped at an angle blocking her lane of the highway when she was 500 feet away at her own estimate and 635 feet away at the plaintiff's best evidence. She was then traveling at a speed of between 45 and 55 miles per hour. Her automobile was in good condition and there was nothing between her automobile at the crest of the hill and the stopped Plymouth which never moved from the time she first saw it. It has been the rule for some time that while

we cannot take judicial notice of the exact distance within which a particular automobile may be stopped under given conditions, we may take notice of the limits within which a stop can be made. Nelms v. Bright, Mo., 299 S.W.2d 483, 1. c. 490(17). In Spoeneman v. Uhri, 332 Mo. 821, 60 S. W.2d 9, 1.c. 12, the same contention as here urged by the defendant was presented and the court held that it was not necessary to prove that an automobile traveling at 45 or 50 miles per hour could be stopped within the 300 to 350 feet that lay between it and the other car. Under such circumstances as are presented in this case it is not necessary that the evidence contain specific proof of the defendant's ability to stop within the 635 feet available to her as she approached at a speed of between 45 and 55 miles per hour. The allegation of prejudicial error is without merit.

■ Lastly, the defendant contends that the "cumulative effect of the court's errors and rulings warrant the reversal of this case * * *." We cannot agree. After careful examination of this record we believe that the verdict and judgment was amply supported by the evidence and that the defendant's allegations of prejudicial error, which we have been most liberal in construing, are without merit. The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment is affirmed.

WOLFE, P. J., ANDERSON, J., and WOODSON OLDHAM, Special Judge, concur.

RUDDY, J., not participating.