**STATE of Missouri, Respondent,**

v.

**Todd COTTRILL, Appellant.**

**No. WD 46451.**

Missouri Court of Appeals,
Western District.

April 27, 1993.

Rehearing Denied June 1, 1993.

Willard B. Bunch, John Edward Cash, Kansas City, for appellant.

Dwight K. Scroggins, Jr., Pros. Atty., J. Morton Nelson, Asst. Pros. Atty., Buchanan County, St. Joseph, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Todd Cottrill was convicted of harassment, § 565.090, RSMo 1986, a Class A misdemeanor, and was sentenced to a term of 90 days in the county jail. On this appeal, Cottrill contends that the court based its finding of guilt on facts not in evidence. Reversed and remanded.

Cottrill was tried by the court without a jury. Richard P. Wyrick testified that he knew the voice of Cottrill and that Cottrill called the Wyrick home seven times between 1:57 a.m. and 2:20 a.m. on January 14, 1992. Wyrick stated that the first time Cottrill called he asked to speak with Wyrick's daughter, Andrea, and Wyrick informed Cottrill that Andrea was not there. Wyrick stated he further told Cottrill not to call any more because his wife had just returned from the hospital and he did not want her to be disturbed. Wyrick testified that despite his request that Cottrill not call anymore, Cottrill made a total of seven calls in the early morning hours of January 14. Wyrick admitted that he had a tremendous animosity toward Cottrill and he strongly disapproved of any relationship between Cottrill and Andrea. Wyrick claimed to not have any knowledge of whether Cottrill and Andrea were married.

Cottrill testified that he was married to Wyrick's daughter, Andrea, but that on January 14, 1992 they were living apart. Cottrill denied making any telephone calls to the Wyrick home in the early morning hours of January 14. Cottrill also denied making any telephone calls to the Wyrick home in the early hours of the morning on any other day.

Both sides rested after the testimony of Wyrick and Cottrill. Thereafter, the court announced its decision. In the course of announcing its decision the court stated:

> Based upon the evidence presented here today, the Court finds the Defendant is guilty beyond a reasonable doubt of the Class A misdemeanor of harassment. And here is why: The

Court believes the testimony of Mr. Wyrick.

\* \* \* \* \* \*

Another thing I want to call to your all attention is—And I didn't believe Mr. Cottrill when he testified before this happened. But, Mr. Cottrill, you need to be very careful about what you say because there are other people in the courtroom that know the truth. And when you testified in this courtroom that you had never called Mr. Wyrick's daughter in the early morning hours, you ought to have seen her face.

There is no question that you've done that before.

\* \* \* \* \* \*

So what I'm doing in this case is finding you guilty beyond a reasonable doubt. And those are all of my reasons.

Because Cottrill made no objection to the court's remarks, he contends that the court committed plain error in basing its decision at least in part on the facial expression of Andrea while she was sitting as a spectator in the courtroom.

In this case the crucial question for decision by the court was the credibility of the witnesses Wyrick and Cottrill. While the court did not improperly admit evidence that was offered, the court did state that it based its decision on assessing the credibility of Cottrill, and finding it wanting, on the facial expressions made by Andrea while she sat in the courtroom as a spectator.

In *People v. Gonzalez*, 175 Ill.App.3d 466, 124 Ill.Dec. 910, 914, 529 N.E.2d 1027, 1031[3] (1988), the court stated that it is a denial of due process for the trier of fact to consider evidence untested by cross-examination. The court further stated that it is a fundamental principle that a criminal defendant has the same rights in a bench trial as in a jury trial. *Id.*, 124 Ill.Dec. at 915, 529 N.E.2d at 1032[4]. The court further stated that "a defendant must be afforded the right to confront the witnesses against him and to subject their testimony to cross-examination." *Id.*

It is clear from the court's remarks that it considered the facial expressions made by Andrea as fully as if Andrea had testified that Cottrill had made calls to the Wyrick home in the early morning hours prior to January 14, 1992. In relying on Andrea's facial expression the court relied on evidence which had not been subjected to cross-examination, and in fact had not even been the subject of direct examination. In so doing the court denied Cottrill the right to confront Andrea on the witness stand and to subject her to cross-examination. By denying Cottrill this fundamental right, the court committed plain error which requires a reversal of the conviction.

The judgment is reversed and this cause is remanded for a new trial.

All concur.