STATE of Missouri, Respondent,

v.

Verus A. OVERKAMP, Appellant.

No. 63580.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 2, 1993.

Daniel W. Deiter, Montgomery City, for appellant.

Joseph A. Brannon, Pros. Atty., Pike County, Bowling Green, for respondent.

CRIST, Judge.

Defendant appeals his conviction for operating a motor vehicle in a careless and imprudent manner by failing to keep a proper lookout. We affirm.

On September 30, 1992, Defendant was travelling east on Highway 54 in Pike County, Missouri, at 55 miles per hour. Defendant observed a farmer driving a tractor with a hay baler on an intersecting road. Defendant testified he was approximately 500 feet to 1000 feet from the farmer when he first saw him. The farmer then pulled out onto Highway 54, shifted up one gear, and began travelling approximately 18 miles per hour. Defendant then struck the tractor from behind.

The investigating officer testified the accident occurred approximately three-quarters of the way across the Noix Creek Bridge. He stated the site was approximately 280 feet from a county road. That road was to the east of the private farm road from which the farmer pulled. The officer further testified he observed no skid marks on the road to indicate Defendant had braked his motor vehicle. Defendant was cited for careless and imprudent driving for failing to keep a proper lookout. After a judge-tried hearing, Defendant was convicted and fined $50 and court costs.

■ On appeal, Defendant contends the trial court erred in considering matters not within the evidence presented at trial. At the hearing, after all evidence had been adduced, the trial judge made the following comments:

However, gentlemen, I—you know, I tell you, I travel that road every day and I'm extremely familiar with the area where we're talking about. And, in particular, the fact that there's a hill that you come over and a downgrade, and if you're on the straight away you're not very far from the place where the impact took place. And the testimony that I have is, the impact was three-quarters away across the bridge. That places the tractor and the baler in a

position of having been in front of the Defendant for what I consider to be a substantial period of time.

■ We will sustain the trial court's judgment if it is supported by substantial evidence. *State v. Isom,* 660 S.W.2d 739, 740[1] (Mo.App.1983).

■ A view may be taken by the trier of fact to enable it to understand the evidence, but that view may not constitute evidence in the case. *Koplar v. State Tax Commission,* 321 S.W.2d 686, 696[10] (Mo.1959); *McDowell v. Schuette,* 610 S.W.2d 29, 40[24] (Mo. App.1980). " '[A] view cannot replace testimony; the visual observations of the trier cannot be substituted for testimony; and the only legitimate purpose of an inspection is to illustrate the evidence and provide a base for understanding and comprehending testimony upon the record.' " *Koplar,* 321 S.W.2d at 696[10], *quoting, Cowan v. Bunting Glider Co.,* 159 Pa.Super. 573, 49 A.2d 270, 271. Therefore, a court's view alone will not suffice to support the judgment; evidence must exist in the record. *Id.; Senkevech v. Vaughn,* 610 S.W.2d 399, 402[1] (Mo.App. 1980).

■ The judge erred in relying on his private observations of the area in question. The judge specifically stated he was relying on his own personal observations of the area in finding Defendant failed to keep a proper lookout. A fair and impartial administration of justice requires cases be determined only upon evidence properly presented on the record. However, we will reverse Defendant's conviction only if insufficient evidence exists in the record to support the verdict. *Koplar,* 321 S.W.2d at 696[10].

■ To support a case of failure to keep a lookout, evidence must exist Defendant saw or could have seen the farmer in time to have avoided the collision. *Countryman v. Seymour R–II School Dist.,* 823 S.W.2d 515, 517[5] (Mo.App.1992). A duty to keep a lookout "requires motorists to exercise the highest degree of care to discover the presence of other persons and objects upon the streets and highways and to become aware of dangerous situations and conditions." *Allen*

*v. Andrews,* 599 S.W.2d 262, 265[3] (Mo.App. 1980).

In the case at hand, the judge did not rely solely on his own observation of the scene. He also stated the lack of skid marks indicated to him Defendant had failed to apply his brakes. In light of Defendant's testimony he had observed the farmer pull out onto the road when he was 500 to 1000 feet from him, sufficient evidence exists to show Defendant failed to keep a proper lookout. *See, McCarthy v. Wulff,* 452 S.W.2d 164, 168–69[8, 9] (Mo.App.1970) (court may take judicial notice a motor vehicle travelling 50 to 55 miles per hour can be stopped within 350 to 400 feet); *Eaves v. Wampler,* 390 S.W.2d 922, 930 [17, 18] (Mo.App.1965) (judicial notice a motor vehicle travelling 45 to 50 miles per hour may be stopped within 300 to 350 feet). Point denied.

■ In his second point, Defendant urges the trial court committed an error in improperly declaring the law. At trial, the court stated it believed "that part of failing to keep a proper lookout is knowing the terrain and the—and where you're at, and what all the possibilities are in that particular location." This is not an erroneous declaration of the law. Keeping a proper lookout includes knowing the conditions of the road. *Allen,* 599 S.W.2d at 265[3]. This can include being aware of the terrain and what possible situations may arise in that area. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.