**STATE of Missouri, Respondent,**

v.

**Anthony G. RUTHERFORD, Appellant.**

**No. 21740.**

Missouri Court of Appeals,
Southern District,
Division One.

April 17, 1998.

520, 524 (Mo. banc 1997).

Douglas R. Hoff, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. General, Jefferson City, for Respondent.

CROW, Judge.

Appellant, charged with murder in the first degree and armed criminal action, waived his right to trial by jury in exchange for the prosecutor's agreement to "withdraw any aggravating circumstances and ... not seek the death penalty."

At the conclusion of a one-day bench trial, the court found Appellant guilty of both charges. At a subsequent sentencing hearing, the court sentenced Appellant to imprisonment for life without eligibility for probation or parole on the murder charge and imprisonment for fifty years on the armed criminal action charge, the latter sentence to run consecutively to the former.

Appellant brings this appeal from that judgment. His sole point relied on is:

"The trial court plainly erred resulting in manifest injustice in considering matters outside the evidence and argument presented at trial in rendering its verdict. The verdict at trial must be the result only of evidence and argument presented at trial, not any extraneous matters presented in the course of the case. The trial court's error violated [Appellant's] rights to a fair trial, to confront and cross-examine witnesses against him, and to due process of law guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 10 and 18(a) of the Missouri Constitution."

Appellant bases the above claim of error on the following remarks by the trial court at the conclusion of the evidence:

"The Court having listened to the testimony of the witnesses, reviewing the exhibits, listening to the arguments of the attorneys, not only today but during the course of the case, and arguments and documents submitted to the Court on behalf of both the State and the Defendant, the Court finds that the State has proven beyond a reasonable doubt all the elements of the crime alleged in Count I of the Information herein—and that is the Class A felony of Murder in the First Degree. The Court finds that the Defendant did, acting in concert with another, and after deliberation, knowingly caused the death of [the victim] by beating him and slashing his throat.

As to Count II, the Court again finds that the State has proven beyond a reasonable doubt that the Defendant, while committing the felony of Murder as charged in Count I, committed the foregoing felony of Murder by, with and through the use, assistance and aid of a dangerous instrument, to-wit: ... Exhibit No. 1, a lock-blade knife with a four-inch blade, which the Court finds readily capable of causing death or other serious physical injury."

Appellant focuses on the following passage from the trial court's remarks: " ... not only today but during the course of the case, and arguments and documents submitted to the Court on behalf of both the State and the Defendant...." Appellant argues:

"The trial court erred when it rendered its verdict based upon matters not in evidence and this error resulted in manifest injustice. Trial counsel did not object to the trial court's error, so [Appellant] seeks plain error review. Mo. Sup. Ct. Rule 30.20."

Appellant does not challenge the sufficiency of the evidence at trial to support the trial court's findings, hence it is unnecessary to recite the details of the grisly homicide.

The case on which Appellant primarily relies is State v. Cottrill, 855 S.W.2d 379 (Mo. App. W.D.1993). There, the outcome of a bench-tried telephone harassment prosecution hinged on whether the trial court believed the complaining witness (the only witness for the prosecution) or the accused (the only witness for the defense). Id. at 379. In

announcing its decision, the trial court declared it did not believe the accused. *Id.* at 380. Revealing why, the court told the accused:

> "[T]here are other people in the courtroom that know the truth. And when you testified in this courtroom that you had never called [the victim's] daughter in the early morning hours, you ought to have seen her face." *Id.*

The appellate court reversed the conviction because the trial court based its disbelief of the accused on the daughter's facial expressions, thereby making the daughter a witness just as if she had testified. *Id.* This denied the accused the right to confront the daughter on the witness stand and subject her to cross-examination. *Id.* Depriving the accused of that fundamental right constituted plain error. *Id.*

There are obvious differences between *Cottrill* and the instant case.

First, the trial court in *Cottrill* revealed it found the accused's testimony unworthy of belief because a spectator's conduct indicated that the spectator knew the accused was lying. In the instant case, nothing the trial court said suggests the court based its findings on anything other than testimony, exhibits and argument presented by the parties' attorneys.

During the trial in the instant case, Appellant's lawyer stated he wanted to "renew the earlier filed motion to suppress statements." The trial court responded: "And the same ruling as before—overruled."

Later during the trial, Appellant's lawyer announced he wanted to "renew the earlier motion to suppress ... and make an objection that all of their exhibits are irrelevant and an insufficient foundation was laid." The trial court responded: "Again, overruled, and the ruling of the Court made on the motion to suppress is again made. The objection is based on what was argued at the motion to suppress."

Although the record furnished us does not contain a transcript of a suppression hearing, it is inferable from the dialogue in the two preceding paragraphs that the trial court conducted a pretrial suppression hearing in the instant case, during which testimony, exhibits and argument were presented. It is likewise inferable that the trial court, in alluding at the conclusion of the trial to testimony, exhibits and arguments "not only today but during the course of the case," was referring to testimony, exhibits and argument presented at all of the hearings the court conducted in the case.

Appellant identifies no testimony, exhibit or argument that may have been presented to the trial court at a pretrial hearing which would have prejudiced the court on the issue of guilt or innocence. The lawyer who represented Appellant in the trial court would inferably have been aware of any such problem in advance of trial. At a hearing three weeks before trial, the trial court assented to Appellant's waiver of trial by jury. Rule 27.01(b).[1] The transcript of that hearing is bare of any hint that Appellant or his lawyer feared the trial court had learned anything from earlier proceedings in the case that would impair the court's ability to decide the case solely on the evidence.

Second, the trial court's "case history" sheet in the instant case bears an entry on the date of trial. The entry reads, in pertinent part:

> "Court after viewing exhibits admitted into evidence and after hearing the evidence herein finds the defendant guilty of Murder in the first degree ... and guilty of Armed Criminal Action...."

The entry indicates the trial court based its findings solely on the evidence and exhibits received at trial.

Third, unlike *Cottrill*, the outcome of the instant case did not hinge on a credibility contest between a prosecution witness and Appellant. The prosecution presented eleven witnesses, none of whose credibility was attacked. Appellant did not testify and presented no witnesses. The primary contention of Appellant's lawyer at trial was that the State's evidence was insufficient to demonstrate the deliberation required for a conviction of murder in the first degree, and instead showed only "one of the statutory lesser included offenses."

Fourth, at the sentencing hearing—four weeks after the trial—neither Appellant nor

---

1. References to rules are to Missouri Rules of Criminal Procedure (1998).

his lawyer mentioned the trial court's remarks which now, according to Appellant, require reversal.[2] Consequently, the trial court was not alerted about the purported error and thus had no reason to explain what he meant in saying "not only today but during the course of the case."

As noted earlier in this opinion, Appellant concedes that if he is entitled to relief on appeal, it is only for plain error. Such relief is not granted unless an accused shows an error affected his rights so substantially that a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *State v. Silvey*, 894 S.W.2d 662, 670–71[7] (Mo. banc 1995).

Because: (1) nothing in the trial court's remarks suggests the court based its findings on anything other than testimony, exhibits and argument presented during hearings conducted by the court, (2) the trial court's case history sheet indicates the court, in finding Appellant guilty, considered only the evidence adduced at trial, (3) the primary contention of Appellant's lawyer at trial was that the evidence was insufficient to demonstrate the deliberation required for a conviction of murder in the first degree, and (4) Appellant raised no issue about the trial court's remarks at the sentencing hearing, when the court could have identified what, if anything, the court considered besides the evidence at trial, this court holds Appellant has failed to demonstrate his conviction is a manifest injustice or miscarriage of justice.

That conclusion is buttressed by *State v. Overkamp*, 865 S.W.2d 376 (Mo.App. E.D. 1993). There, the accused was charged with operating a motor vehicle in a careless and imprudent manner. *Id.* at 377. The trial court heard the case without a jury. *Id.* At the conclusion of the evidence, the court stated it was familiar with the site of the alleged offense, as the court traveled the route every day. *Id.* The court concluded that the tractor which was struck by the accused's vehicle would have "been in front of the [accused] for what I consider to be a substantial period of time." *Id.* at 377–78. The trial court found the accused guilty.

On appeal, the Eastern District of this Court held the trial court erred in relying on its private observations of the area in question. *Id.* at 378[5]. Nonetheless, the appellate court held the accused was entitled to a reversal only if the evidence of record was insufficient to support the conviction. *Id.* at [7]. The appellate court examined the evidence, found it sufficient to support the finding of guilty, and affirmed the judgment.

In the instant case, the evidence adduced at trial amply supports the trial court's findings. As reported earlier in this opinion, Appellant does not argue otherwise. For that reason, plus the others enumerated earlier, this court holds the record does not support Appellant's claim for plain error relief. Accordingly, his point relied on is denied.

Whether that ruling bars Appellant from re-litigating the issue in a proceeding for post-conviction relief under Rule 29.15 (where an evidentiary hearing can be held to determine what the trial court was referring to in saying "not only today but during the course of the case")[3] is an issue not presented in this appeal. Consequently, this court expresses no opinion on that subject.

Judgment affirmed.

GARRISON, P.J., and PREWITT, J., concur.

---

2. Appellant's lawyer filed no motion for a new trial. The transcript reveals this was a strategic decision, as the lawyer believed such a motion "would restrict [Appellant's] routes of appeal." Appellant's lawyer explained to the trial court: "[Appellant] will have a different lawyer on appeal and I could damage that lawyer's avenues."

3. Appellant's brief asks this court, as an alternative to reversal, to "remand [this case] for further development of the record on exactly what 'docu- ments' and 'argument' the trial court relied when it pronounced [Appellant] guilty." Appellant cites no authority supporting such a request where, as here, he had an opportunity at the sentencing hearing for "development of the record" on this issue but ignored the opportunity. Because of that, even if this court were authorized to enter such an order—an issue this court need not decide—this court finds such an order unwarranted.